UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY MASCUZZIO,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER ATARA
ASHFORD Shield #15470, a Police Officer with the New York
City Police Department with the 62 Precinct, and POLICE
OFFICERS JOHN DOE #1-2, Shield Numbers Unknown at this
time, Police Officers with the New York City Police Department,
in their official and individual capacity,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff **ANTHONY MASCUZZIO**, by and through his attorneys, **THE LAW OFFICE OF PAMELA S. ROTH, ESQ., PC**, complaining of the Defendants herein, respectfully shows the Court and alleges:

### NATURE OF PROCEEDINGS

1. This is a proceeding for compensatory and punitive damages owing to the plaintiff, ANTHONY MASCUZZIO, and affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and proper as a result of violations of Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal Law, particularly Title 42 of The United States Code, Section 1983, 1985, Title 18 of The United States Code, Section 1965(e), Title 18 of The United States Code, Section 1965(a), Title 18 of The United States Code, Section 1962 and Title 28 of The United States Code, Section 1367(a).

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims is invoked under 28 U.S.C. §1331, § 1342(3), §1343 (3) & (4) and 1367 Title 42 of The United States Code §1981 and §1983.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b), and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to The United States Constitution and Fed. R. Civ. P. 38.

## PARTIES

6. Plaintiff ANTHONY MASCUZZIO at all times hereinafter mentioned was and still is a citizen of the United States residing is a resident of the County of KINGS, City and State of New York.

7. Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York, and as such is responsible for the practices, policies and customs of the New York City Police

Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

9. That at all times hereinafter mentioned, the defendants, THE CITY OF NEW YORK, POLICE OFFICER ATARA ASHFORD, Shield Number 15470 of the 62 Command, and POLICE OFFICERS JOHN DOE #1-2, being employees of the New York City Police Department, respectively, violated Plaintiff's civil rights without just and probable cause, causing him physical injury, pain, suffering, emotional and economic loss.

10. That at all times hereinafter mentioned, the individually named defendants POLICE OFFICER ATARA ASHFORD, Shield Number 15470 of the 62 Command, and POLICE OFFICERS JOHN DOE #1-2 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned, defendant POLICE OFFICER ATARA ASHFORD, Shield Number 15470, is being sued herein both in her individual and official capacity, is and was at all times hereinafter mentioned, and particularly on or about September 9, 2010, employed by the City of New York.

12. That at all times hereinafter mentioned, defendants POLICE OFFICERS JOHN DOE #1-2, Shield Numbers unknown at this time, are being sued herein both in their individual and official capacity, are and were at all times hereinafter mentioned, and particularly on or about September 9, 2010, employed by the City of New York.

13. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

the official rules, regulation, laws, statutes, customs, usages, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**PRELIMINARY STATEMENT**

16. Plaintiff ANTHONY MASCUZZIO was not guilty of any criminal acts.

17. That on or about September 9, 2010 at the location known and designated as the corner of 70th Street and its intersection with 16th Avenue, in the Borough of Brooklyn, City and State of New York, plaintiff ANTHONY MASCUZZIO was a lawful passenger in a 2008 Mercedes Benz 350 operated by his friend, Anthony Basciano.

18. That at that times, the vehicle was stopped by defendant POLICE OFFICER ATARA ASHFORD Shield Number 15470 because the driver, Anthony Basciano, was not wearing his seat belt. It was also determined that Anthony Basciano was driving the vehicle with his New York State driving privileges having been suspended on a date prior to September 9, 2010.

19. Plaintiff informed defendant P.O. ATARA ASHFORD that he was the rightful owner of said vehicle which had dealer license plates and registered in the State of New York.

20. At said time, plaintiff MASCUZIO did not have the proper paperwork to present to defendant P.O. ASHFORD and the vehicle was seized by the NYPD.

21. Plaintiff MASCUZZIO was informed by defendant P.O. ASHFORD to return to the 62 Police Precinct with the proper paperwork to indicate that he was the rightful owner, to wit: the title and registration to the vehicle, and the vehicle would be returned to him as owner.

22. Defendants P.O. ASHFORD and POLICE OFFICERS JOHN DOE #1-2, Shield Numbers unknown at this time, as New York City Police Officers whose name and shield number are unknown at this time but who were employed by the City of New York and assigned to the 62 Police Precinct, conducted a search of the interior of the vehicle at that time and did not recover any weapons nor evidence of any crimes.

23. Approximately 30 minutes later, plaintiff MASCUZZIO returned to the 62 Police Precinct to present the valid registration documents for the vehicle to defendant P.O. ASHFORD.

24. At that point, defendants P.O. ASHFORD and POLICE OFFICERS JOHN DOE #1-2, Shield Numbers unknown at this time, as New York City Police Officers whose name and shield number are unknown at this time but who were employed by the City of New York and assigned to the 62 Police Precinct, placed Claimant under arrest and did not inform him as to why he was arrested.

25. Defendants P.O. ASHFORD and POLICE OFFICERS JOHN DOE #1-2, Shield Numbers unknown at this time, as New York City Police Officers whose name and shield number are unknown at this time but who were employed by the City of New York and assigned to the 62 Police Precinct, its agents, servants and employees placed

plaintiff, ANTHONY MASCUZZIO, in room and never told what crime or crimes he allegedly committed.

26. Defendants P.O. ASHFORD and POLICE OFFICERS JOHN DOE #1-2, Shield Numbers unknown at this time, as New York City Police Officers whose name and shield number are unknown at this time but who were employed by the City of New York and assigned to the 62 Police Precinct told plaintiff to remove his gold cross on chain from his neck and his gold wrist watch.

27. Plaintiff asked the defendants if he could give the jewelry items to his family members in the precinct for safe guarding his property The defendants denied plaintiff's request.

28. At that time and while plaintiff was handcuffed, defendants ASHFORD and POLICE OFFICERS JOHN DOE #1-2, assigned to the 62 Police Precinct, then falsely arrested and imprisoned him, assaulted, beat, pummeled, kicked, battered, and violated the state and federal civil rights of ANTHONY MASCUZZIO, to the degree of causing plaintiff to sustain a fracture to his finger and wrist, without probable cause and without ground therefore by employees, agent and/or servants of Defendant THE CITY OF NEW YORK, including defendant P.O. ASHFORD.

29. Defendant THE CITY OF NEW YORK, its agents, servants and employees intended to confine plaintiff, ANTHONY MASCUZZIO and plaintiff was conscious of the confinement, did not consent to the confinement, and confinement was not otherwise privileged.

30. Defendant POLICE OFFICER ATARA ASHFORD, Shield Number 15470 and Defendants POLICE OFFICERS JOHN DOE #1-2 then approached Plaintiff

and grabbed him and violently and repeatedly slammed his hand against the table to remove the gold wristwatch from his wrist, causing swelling to his wrist and a fracture to his hand.

31.  Plaintiff was never informed why he was handcuffed and arrested.

32.  That said unlawful detention was without justification and beyond the boundaries of reasonableness.

33.  That defendant, THE CITY OF NEW YORK, through its agent, servants and/or employees, acted in bad faith and without justification in committing the aforesaid detention and unlawful imprisonment of plaintiff MASCUZZIO.

34.  That defendants P.O. ASHFORD and POLICE OFFICERS JOHN DOE #1-2 acted in bad faith and without justification in committing the aforesaid detention and unlawful imprisonment of plaintiff MASCUZZIO.

35.  That at the time of his unlawful imprisonment, plaintiff MASCUZZIO had not committed any illegal act.

36.  That at the time of his unlawful imprisonment, plaintiff MASCUZZIO had not committed or attempted to commit any crime.

37.  That at the time of plaintiff's unlawful imprisonment, defendants knew or should have known, through the exercise of proper police procedure and reasonable investigation, that the aforementioned imprisonment was false and without justification.

38.  That said false imprisonment caused plaintiff to suffer injuries to his hand and wrist, pain, swelling, medical expenses, severe emotional and psychological distress, anguish, anxiety, fear, humiliation, loss of freedom, legal expenses and damage to his reputation.

39. Defendant POLICE OFFICER ATARA ASHFORD, Shield Number 15470 and defendants POLICE OFFICERS JOHN DOE #1-2 assaulted, beat, unlawfully detained, falsely arrested, pushed and shoved Plaintiff without reason, cause or justification and refused to state why Plaintiff was being restrained.

40. Defendant POLICE OFFICER ATARA ASHFORD, Shield Number 15470 and defendants POLICE OFFICERS JOHN DOE #1-2 caused pain and swelling to Plaintiff's face.

41. Plaintiff ANTHONY MASCUZZIO repeatedly asked why he was being handcuffed by this police officer, defendant POLICE OFFICER ATARA ASHFORD, Shield Number 15470 and defendants POLICE OFFICERS JOHN DOE #1-2.

42. POLICE OFFICER ATARA ASHFORD, Shield Number 15470 then searched Plaintiff ANTHONY MASCUZZIO and did not recover any evidence of a crime.

43. Plaintiff ANTHONY MASCUZZIO was never informed why he was placed under arrest.

44. Plaintiff ANTHONY MASCUZZIO was never read his Miranda warnings.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS

45. Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

46. That on or about September 9, 2010, the defendants, their agents, servants and employees, including but not limited to the police officers, wrongfully and falsely

arrested, denied the plaintiff medical care or proper medical care, imprisoned and detained plaintiff without any right or justifiable grounds therefore.

47. That the aforesaid arrest, detention, denial of medical care or proper medical care, and imprisonment continued at various locations.

48. That the said arrest, detention, denial of medical care or proper medical care, and imprisonment was caused by the defendants, its agents, servants and employees, including but not limited to the police, without a warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any crime

49. That defendant CITY, its agents, servants and employees, as set forth above, intended to confine plaintiff; that plaintiff was conscious of the confinement; that plaintiff did not consent to the confinement; that the confinement was not otherwise privileged; and having a reckless indifference to plaintiff's medical condition.

50. That by reason of the false arrest, imprisonment and detention of plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstance and was prevented and hindered from performing his necessary affairs, suffered from a debilitating injury without any or suitable medical care, and was caused to suffer much pain in both mind and body, and was otherwise damaged.

51. As a direct and proximate result of the defendants' actions, Plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and laws of New York and the United States, including, but not limited to his rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in hisr person, to be free from unreasonable searches and seizures, to be free from malicious

prosecution, use of excessive force, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

52. As a result of the aforesaid violation of Plaintiff's rights, sustained injuries and damages previously described in this complaint.

53. As a result of the foregoing, Plaintiff ANTHONY MASCUZZIO seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SECOND CLAIM FOR RELIEF

54. Plaintiff ANTHONY MASCUZZIO repeats and reiterates each and every allegation contained in paragraphs 1 through 53 as if fully set forth at length herein.

55. That immediately prior to and during the course of his arrest and detention, plaintiff was accosted, assaulted and battered by defendant POLICE OFFICER ATARA ASHFORD, Shield Number 15470 and defendants POLICE OFFICERS JOHN DOE #1-2. defendants, by act or failure to act, and denied proper medical care.

56. That by reason of the aforesaid, plaintiff sustained personal injuries, endured and will endure pain and suffering and loss of enjoyment of life, and economic loss, and was otherwise damaged.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

57. Plaintiff ANTHONY MASCUZZIO repeats and reiterates each and every allegation contained in paragraphs 1 through 56 as if fully set forth at length herein.

58. Defendants issued legal process to place plaintiff ANTHONY MASCUZZIO under arrest.

59. Defendants arrested plaintiff ANTHONY MASCUZZIO in order to obtain a collateral objective outside the legitimate ends of the legal process.

60. That following his arrest, plaintiff was wrongfully, falsely and maliciously charged by defendants and prosecuted for a crime of which he was innocent.

61. That on September 9, 2010 defendants did maliciously cause a criminal prosecution to be commenced against plaintiff MASCUZZIO, by filing an accusatory instrument, without probable cause and in bad faith.

62. That as a result thereof, during the period of September 9, 2010 and February 3, 2011, plaintiff was required to make numerous appearances in Criminal Court in the County of Kings, City and State of New York, to defend himself in the criminal proceedings that defendants had initiated against him.

63. In commencing and continuing said malicious prosecution, defendants caused plaintiff, MASCUZZIO, to be falsely charged with a crime in violation of the Penal Laws of the State of New York.

64. Plaintiff had not committed any illegal act.

65. On or about February 3, 2011, the criminal charges against plaintiff MASCUZZIO, were dismissed and sealed.

66. Defendants acted with malice in initiating criminal proceedings against plaintiff.

67. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

68. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

69. Defendants acted with malice in continuing criminal proceedings against plaintiff.

70. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

71. Plaintiff had not given defendants, its agents, servants and/or employees probable cause to believe that he had committed the illegal acts hereinafter complained of.

72. Defendants knew, or should have known through the exercise of reasonable care and proper police procedure that said investigation was flawed and incomplete.

73. Defendants, their agents, servants and/or employees willful and wrongfully accused plaintiff of having committed a crime in violation of the Penal Laws of the State of New York.

74. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and detaining the Plaintiff.

75. As a result of the aforesaid, Plaintiff ANTHONY MASCUZZIO sustained the injuries and damages previously described in this complaint.

76. That as a result of the aforesaid malicious prosecution, plaintiff ANTHONY MASCUZZIO, was subjected to great indignities, humiliation, ridicule, was caused to suffer much pain in both mind and body, was deprived of his constitutional rights and was otherwise damaged.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

77. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 76 as if fully set forth herein.

78. That the aforesaid actions, and resulting injuries to plaintiff, ANTHONY MASCUZZIO, were due to the negligence of the defendants, their agents, servants or employees in the hiring, retention, and training of its employees, including the police herein involved in the arrest, assault and battery, denial of medical attention and malicious prosecution of the plaintiff.

79. That the defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

80. As a result of the aforesaid, Plaintiff ANTHONY MASCUZZIO sustained the injuries and damages previously described in this complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff ANTHONY MASCUZZIO repeats and reiterates all of the allegations contained in paragraphs 1 through 80 as if fully set forth herein.

82. The actions of the defendants in arresting the Plaintiff ANTHONY MASCUZZIO, who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

83. As a result of the aforesaid, Plaintiff ANTHONY MASCUZZIO sustained injuries and damages previously described in this complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

84.   Plaintiff ANTHONY MASCUZZIO repeats and reiterates all of the allegations contained in paragraphs 1 through 83 as if fully set forth herein.

85.   At no time did Plaintiff ANTHONY MASCUZZIO commit any act or offense for which an arrest may be lawfully made.

86.   The false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

87.   As a result of the aforesaid, Plaintiff ANTHONY MASCUZZIO sustained injuries and damages previously described in this complaint.

88.   As a result of the foregoing, Plaintiff ANTHONY MASCUZZIO seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ASSAULT AND BATTERY

89.   Plaintiff ANTHONY MASCUZZIO repeats and reiterates all of the allegations contained in paragraphs 1 through 88 as if fully set forth herein.

90.   While the plaintiff ANTHONY MASCUZZIO was in the custody of the defendants, he was caused to be negligently, intentionally, wrongfully, willfully, maliciously, and with gross negligence, physically detained, assaulted, beaten and battered by defendants and was caused to sustain severe and permanent injuries.

91.   The aforementioned occurrence took place due to the negligence of the defendants their agents, servants, or employees, acting within the scope of their authority, within the scope of their employment and in furtherance of their agency.

92. The aforesaid occurrence and the results thereof were due to and caused by the negligence of the defendants and their agents, servants, or employees in negligently, carelessly, and recklessly causing, allowing and/or permitting the plaintiff ANTHONY MASCUZZIO to be willfully, maliciously and with gross negligence physically detained, assaulted and battered.

93. No negligence on the part of the plaintiff ANTHONY MASCUZZIO contributed to the occurrence alleged herein in any manner whatsoever.

94. That by reason of the foregoing, the plaintiff ANTHONY MASCUZZIO was caused to sustain serious injuries and to suffer pain, shock, and mental anguish; these injuries and their effects will be permanent; as a result of said injuries the plaintiff has been caused to incur and will continue to incur expenses relative to his injuries.

95. As a result of the foregoing, plaintiff ANTHONY MASCUZZIO seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR AN EIGHTH CLAIM FOR RELIEF

96. Plaintiff ANTHONY MASCUZZIO repeats and reiterates all of the allegations contained in paragraphs 1 through 95 with the same force and effect as if fully set forth herein.

97. Each and every individual defendant had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

98. The individual defendants failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

99. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to a false arrest and excessive force.

100. That plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 U.S.C. § 1983 by those who, under a color of a statute or regulation of a state, caused plaintiff to be so deprived.

101. That the aforesaid actions by the police were done pursuant to an official municipal policy or custom of the City and State, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals were engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

102. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ANTHONY MASCUZZIO.

103. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

104. All of the foregoing acts by defendants deprived plaintiff ANTHONY MASCUZZIO of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from seizure and arrest not based upon probable cause;

C. Not to have excessive force imposed upon him;

D. To be free from unlawful search;

E. To be free from malicious abuse of process;

F. To be free from unwarranted and malicious criminal prosecution;

G. Not to have cruel and unusual punishment imposed upon him; and

H. To receive equal protection under the law.

105. As a result of the foregoing, plaintiff ANTHONY MASCUZZIO is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff ANTHONY MASCUZZIO demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: Brooklyn, New York
       August 22, 2013

_____
PAMELA S. ROTH (PR7124)
LAW OFFICES OF PAMELA S.
ROTH, ESQ. P.C.
Attorneys for Plaintiff
ANTHONY MASCUZZIO
9118 Fifth Avenue
Brooklyn, New York 11209
(718) 836-9118